JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00202-DOC-JDE                     Date:  January 29, 2026

Title: PoliNFT Media v. Stella Management, Inc et al

PRESENT: <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| Priscilla Deason for Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.      Background**

Plaintiff has collected data over a period years on prominent GOP donors and sold this data for profit-making purposes. Complaint ("Compl.") (Dkt. 1, Ex. A) ¶¶ 13-16. More recently, Plaintiff "entered into a partnership agreement with Defendant Stella LLC, whereby, with PoliNFT's database, Stella LLC would contract with a political marketing agency called Targeted Victory." *Id.* ¶ 15. Defendants then contracted "with Targeted Victory and ultimately, with the use of PoliNFT's data, became one of Targeted Victory's top clients with respect to the licensing of donor data for major GOP fund raising." *Id.* ¶ 16. Defendants and Plaintiffs—through a variety of related, associated entities—ultimately created a number of partnerships through which revenue was "to be distributed 50% to Plaintiff PoliNFT and 50% to Defendant Stella LLC" after deducting agreed-upon expenses of 20%. *Id.* ¶¶ 17-20. Plaintiff procides one example where files from February 2022 indicate that the total revenue was not distributed according to the agreed-upon split and Defendants pocketed more than they should have. *Id.* ¶¶ 22-25. Plaintiff alleges that this activity has defrauded it of millions of dollars. *Id.* ¶ 27.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00202-DOC-JDE                                          Date: January 29, 2026
                                                                                     Page 2

Plaintiff originally filed suit in Orange County Superior Court on December 16, 2026 against Defendants Stella Management, Inc.; Stella Management, Inc.; Stella Management, LLC; Daniel Horton; Deanna Horton, and Edee, Inc. (collectively, "Defendants"). Notice of Removal ("Not.") (Dkt. 1) ¶ 1. Plaintiff brings causes of action for breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, violation of California Penal Code § 496, misappropriation of trade secrets, aiding and abetting misappropriation of trade secrets, conversion, and money had and received. *See generally* Compl. The case was removed to this Court on January 23, 2026. *See generally* Not.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00202-DOC-JDE                                      Date: January 29, 2026
                                                                                    Page 3

must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00202-DOC-JDE                                    Date: January 29, 2026
                                                                                    Page 4

## III.    Discussion

Defendants argue that this Court has diversity jurisdiction in this action. Not. ¶ 4. The Court disagrees.

Defendants have not met its burden to show that the amount in controversy requirement is satisfied. All Defendants state in support of their argument that the amount-in-controversy is satisfied is the following: "As more fully set forth in the Complaint filed in the State Court Action, and attached hereto as Exhibit A, Plaintiff PoliNFT Media seeks and alleges damages in excess of $75,000.00, exclusive of alleged interests, costs, and fees." But this misconstrues the Complaint and takes it words for more than they stand at face value. To remove soley on the face of the Complaint, Defendants' argument is "explicitly premised on the assumption that the amount in controversy is met by the express allegations of the plaintiff's complaint" and thus assumes "the plaintiff himself has placed the requisite jurisdictional amount in controversy by requesting damages in excess of the jurisdictional amount." *Sanchez*, 102 F.3d at 402 (quoting *Garza v. Bettcher Indus., Inc.,* 752 F.Supp. 753 (E.D. Mich. 1990)). Here Plaintiffs do not expressly allege an amount-in-controversy over $75,000, but instead loosely point to some examples of alleged fraudulent activity. This is not enough to meet the threshold for the amount-in-controversy.

Furthermore,  "[t]he Ninth Circuit has held, however, that where the plaintiff articulates a figure for damages in the body of the complaint and fails to repeat this in the Prayer for Relief, the court cannot determine that the figure is legally certain." *Smith v. FCA US, LLC*, No. 2:21-CV-06948-SVW-JC, 2021 WL 5356637, at *1 (C.D. Cal. Nov. 16, 2021) (quoting *Guglielmino*, 506 F.3d at 701). Here, Plaintiff includes no amount in the Prayer for Relief. *See* Compl. at 17-18. So, even if the there is an amount stated in the Complaint, it fails to satisfy the *Guglielmino* standard as no amount is stated in the Prayer.

The Court's decision here is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00202-DOC-JDE                                    Date: January 29, 2026
                                                                              Page 5

only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: pd/kdu
CIVIL-GEN